UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MICHEAL SHANE SHRIVER | § | CASE NO. 24-10979-smr |
| SHELLI LYNN SHRIVER | § § | |
| DEBTORS | § § | CHAPTER 7 |

## MOTION TO TERMINATE AUTOMATIC STAY

**THIS PLEADING REQUESTS RELIEF THAT MAY BE
ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM
THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE
GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A
HEARING TO BE HELD.**

TO THE HONORABLE BANKRUPTCY JUDGE:

Santander Consumer USA Inc. dba Chrysler Capital ("Santander") moves the Court for an order for relief from the automatic stay and alternatively for adequate protection and in support thereof makes the following allegations:

I.

Micheal Shane Shriver and Shelli Lynn Shriver ("Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on August 19, 2024.

II.

On July 29, 2022, Debtor, Micheal Shane Shriver, executed a Motor Vehicle Retail Installment Sales Contract ("Contract") payable to Santander in the principal sum of $34,459.46. The Contract was co-signed by Vickie Darlene Shriver, who is not a debtor in the bankruptcy case. The Contract is attached hereto as **Exhibit A** and incorporated herein as if fully copied and set forth at length.

III.

As security for the Contract, Debtor, Micheal Shane Shriver, granted to Santander a lien on that one 2016 Ford F-150 VIN: 1FTEW1CP8GKF65338 ("Vehicle"). Santander's lien on the Vehicle is perfected by notation on the Lien and Title Information. The Lien and Title Information is attached hereto as **Exhibit B** and incorporated herein as if fully copied and set forth at length.

IV.

The Debtor, Michael Shane Shriver, is past due for June 15, 2024, July 15, 2024 and August 15, 2024 in the amount of $6,589.22, and is therefore in default. The payoff on the Contract as of August 27, 2024 is $30,030.18.

By virtue of the provision of 11 U.S.C. § 1301, Santander may not act, or commence, or continue any civil action, to collect all or any part of the debt from the co-debtor.

Santander requests that the co-debtor stay be terminated to allow Movant to pursue the collection of its indebtedness against Vickie Darlene Shriver.

V.

By reason of the past due status of the Contract, cause exists to terminate the stay pursuant to 11 U.S.C. 362(d)(1).

VI.

Alternatively, in the event the Court finds good cause not to vacate the automatic stay, Exeter requests adequate protection.

WHEREFORE, the Santander prays:

1. For an order granting relief from the automatic stay of 11 U.S.C., Section 362(a) of the Bankruptcy Code in accordance with 11 U.S.C., Section 362(d)(1) and 362(d)(2);

2. For an order waiving the stay under Bankruptcy Rule 4001(a)(3);

3. That the stay provided by 11 U.S.C. §1301 be terminated to allow Movant to act, commence or continue any civil action to collect the indebtedness owing to Movant by Vickie Darlene Shriver.

4. Alternatively for adequate protection; and

5. For such other and further relief as this Court may deem just and proper.

DATED this 23 day of September, 2024.

Respectfully submitted,

HALEY & OLSON, P.C.

By: /s/ Blake Rasner

Blake Rasner
*Attorney for Santander Consumer USA Inc.*
*dba Chrysler Capital*
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone: (254) 776-3336
Fax: (254) 776-6823
Bar Card No. 16555700
Email: brasner@haleyolson.com

## CERTIFICATE OF SERVICE

I certify that on September 23, 2024 a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the court's ECF noticing system or by regular first-class mail:

Micheal Shane Shriver
*Debtor*
706 A West OSR
Caldwell, TX 77836

Shelli Lynn Shriver
*Debtor*
706 A West OSR
Caldwell, TX 77836

Stuart M. Price
*Attorney for Debtors*
Resolve Law Group
801 Travis Street, Suite 2101
Houston, TX 77002

John Patrick Lowe
*Chapter 7 Trustee*
2402 East Main Street
Uvalde, TX 78801

Vickie Darlene Shriver
5201 Lake Charles Dr
Waco, TX 76710

/s/ Blake Rasner
Blake Rasner

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| MICHEAL SHANE SHRIVER | § | CASE NO. 24-10979-smr |
| SHELLI LYNN SHRIVER | § § § | |
| DEBTORS | § | CHAPTER 7 |

## SUMMARY OF EXHIBITS

Exhibit A    Motor Vehicle Retail Installment Sales Contract dated July 29, 2022 in the original principal sum of $34,459.46; and

Exhibit B    Lien and Title Information.

# EXHIBIT A

# MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT – SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

| BUYER | VICKIE DARLENE SHRIVER | SELLER/CREDITOR | LITHIA CHRYSLER JEEP DODGE OF BRYAN |
|---|---|---|---|
| ADDRESS | 5201 LAKE CHARLES DR | ADDRESS | 301 N EARL RUDDER FWY |
| CITY | WACO STATE TX ZIP 76710 | CITY | BRYAN STATE TX ZIP 77802 |
| PHONE | | PHONE | |

| CO-BUYER | MICHEAL SHANE SHRIVER |
|---|---|
| ADDRESS | 3108 LODGEPOLE DR |
| CITY | COLLEGE STATION STATE TX ZIP 77845 |
| PHONE | |

The Buyer is referred to as "you" or "your." The Seller is referred to as "we" or "us." This contract may be transferred by the Seller.

**PROMISE TO PAY:** The credit price is shown below as the "Total Sales Price." The "Cash Price" is also shown in the Itemization of Amount Financed. By signing this contract, you choose to purchase the vehicle on credit according to the terms of this contract. You agree to pay us the Amount Financed, Finance Charge, and any other charges in this contract. You agree to make payments in U.S. funds according to the Payment Schedule in this contract. If more than one person signs as a buyer, you agree to keep all the promises in this agreement even if the others do not.

You have thoroughly inspected, accepted, and approved the vehicle in all respects.

### VEHICLE IDENTIFICATION

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | |
|---|---|---|---|---|
| 2016 | FORD | F-150 | 1FTEW1CP8GKF65338 | ☐ NEW ☐ DEMONSTRATOR ☐ FACTORY OFFICIAL/EXECUTIVE ☒ USED |

**USE FOR WHICH PURCHASED**
PERSONAL, FAMILY, OR HOUSEHOLD, UNLESS OTHERWISE INDICATED BELOW
If either of the boxes below is checked, Chapter 353 of the Texas Finance Code applies to this Contract.
☐ BUSINESS OR COMMERCIAL
☐ AGRICULTURAL ☐ N/A

Trade-in: Make N/A  Model N/A
Year N/A  VIN N/A  License No. N/A

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1000.00 |
|---|---|---|---|---|
| 15.58 % | $ 15661.54 | $ 34459.46 | $ 50121.00 | $ 51121.00 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 835.35 | MONTHLY beginning 09/12/2022 |
| N/A | $ N/A | N/A |
| N/A | | |

**Late Charge:** If we do not receive your entire payment within 15 days after it is due (10 days if you are buying a heavy commercial vehicle), you will pay a late charge of 5% of the scheduled payment.
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** We will have a security interest in the vehicle being purchased.
**Additional Information:** See this document for more information about nonpayment, default, security interests, and any required repayment in full before the scheduled date.

**SERVICING AND COLLECTION CONTACTS**
We may try to contact you at any mailing address, e-mail address, or phone number you give us as the law allows. We may try to contact you in writing (including mail, e-mail, and text messages) and by phone (including prerecorded or artificial voice messages and automatic telephone dialing systems).

**Returned Check Charge:** You agree to pay a charge of $ 30 if any check you give us is dishonored or any electronic payment is returned unpaid.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _(signed)_
Co-Buyer Signs X _(signed)_

**OCCC NOTICE.** For questions or complaints about this contract, contact **CHRYSLER CAPITAL** at _____. The Office of Consumer Credit Commissioner (OCCC) is a state agency, and it enforces certain laws that apply to this contract. If a complaint or question cannot be resolved by contacting the creditor, consumers can contact the OCCC to file a complaint or ask a general credit-related question. OCCC address: 2601 N. Lamar Blvd., Austin, Texas 78705. Phone: ___. Fax ___. Website: ___. E-mail: ___.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

This PROVISION applies to this contract only if the vehicle financed in the contract was purchased for personal, family, or household use.

Buyer Initials X _(signed)_  Co-Buyer Initials X _(signed)_

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including any accessories, services, taxes,
   SALES TAX $ 1889.90, N/A $ N/A,
   N/A $ N/A, and N/A $ N/A ) $ 32135.28 (1)

2. Total Downpayment = (if negative, enter "0" and see Line 4A below)
   - Gross Trade-In .................................................. $ N/A
   - Pay Off Made By Seller to N/A ................................ $ N/A
   - Cash Paid to Buyer for Trade-In ............................. $ N/A
   = Net Trade-In .................................................. $ N/A
   + Cash .......................................................... $ 1000.00
   + Mfrs. Rebate .................................................. $ N/A
   + Other (describe) N/A ........................................ $ N/A
   + Other (describe) N/A ........................................ $ N/A
   + Other (describe) N/A ........................................ $ N/A
   + Other (describe) N/A ........................................ $ N/A
   + Other (describe) Trade-In Credit Agreement Benefit ......... $ N/A
   Total Downpayment ............................................. $ 1000.00 (2)

3. Unpaid Balance of Cash Price (1 minus 2) ..................... $ 31135.28 (3)

4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts.):
   A. Net trade-in payoff to N/A ................................ $ N/A
   B. Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life $ N/A
      Disability $ N/A ........................................ $ N/A
   C. Other Optional Insurance Paid to Insurance Company or Companies $ N/A
   D. Official Fees Paid to Government Agencies
      1) to N/A for N/A ...................................... $ N/A
      2) to N/A for N/A ...................................... $ N/A
      3) to N/A for N/A ...................................... $ N/A
   E. Debt Cancellation Agreement Fee Paid to the Seller ......... $ 995.00
   F. Dealer's Inventory Tax (if Not Included in Cash Price) ..... $ 59.18
   G. Sales Tax (if Not Included in Cash Price) .................. $ N/A
   H. Other Taxes (if Not Included in Cash Price) ................ $ N/A
   I. Government License and/or Registration Fees
      Fee/Option 9: Security 79.50
      Registration Fee/ 7.50 ................................... $ 87.00
   J. Government Certificate of Title Fees ....................... $ 28.00
   K. Government Vehicle Inspection Fees
      to state $ N/A to inspection station $ N/A ........... $ N/A
   L. Deputy Service Fee Paid to Dealer .......................... $ N/A
   M. Documentary Fee (Cargo Documental) ......................... $ 150.00

   A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS RELATING TO THE SALE. A DOCUMENTARY FEE MAY NOT EXCEED A REASONABLE AMOUNT AGREED TO BY THE PARTIES. THIS NOTICE IS REQUIRED BY LAW.
   UN CARGO DOCUMENTAL NO ES UN CARGO OFICIAL. LA LEY NO EXIGE QUE SE IMPONGA UN CARGO DOCUMENTAL. PERO ESTE PODRÍA COBRARSE A LOS COMPRADORES POR EL MANEJO DE LA DOCUMENTACIÓN EN RELACIÓN CON LA VENTA. UN CARGO DOCUMENTAL NO PUEDE EXCEDER UNA CANTIDAD RAZONABLE ACORDADA POR LAS PARTES. ESTA NOTIFICACIÓN SE EXIGE POR LEY.

   N. Other Charges (Seller must identify who is paid and describe purpose.)

   | to | for | $ |
   |---|---|---|
   | State | Plate Transfer Fee | N/A |
   | Seller | Trade-In Credit Agreement | N/A |
   | N/A | N/A | N/A |
   | N/A | N/A | N/A |
   | MOPAR | SERVICE CONTRACT | 2005.00 |
   | N/A | N/A | N/A |
   | N/A | N/A | N/A |
   | N/A | N/A | N/A |
   | N/A | N/A | N/A |
   | N/A | N/A | N/A |
   | N/A | N/A | N/A |
   | N/A | N/A | N/A |
   | N/A | N/A | N/A |

   Total Other Charges and Amounts Paid to Others on Your Behalf $ 3324.18 (4)

5. Amount Financed (3 + 4) ...................................... $ 34459.46 (5)

---

PROPERTY INSURANCE. You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this contract. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas. You agree to give us proof of property insurance. You must name us as the person to be paid under the policy in the event of damage or loss.

If any insurance is checked below, policies or certificates from the insurance companies will describe the terms, conditions, and deductibles.

### Optional Credit Life and Credit Disability Insurance

Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

☐ Credit Life, one buyer $ N/A Term N/A
☐ Credit Life, both buyers $ N/A Term N/A
☐ Credit Disability, one buyer $ N/A Term N/A
☐ Credit Disability, both buyers $ N/A Term N/A

N/A
(Insurance Company)

N/A
(Home Office Address)

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments.
If the term of the insurance is 121 months or longer, the premium is not fixed or approved by the Texas Insurance Commissioner.

You want the insurance indicated above.

X N/A           N/A
Buyer's signature    Date

X N/A           N/A
Co-Buyer's signature    Date

### Optional Insurance Coverages and Debt Cancellation Agreement

The granting of credit will not be dependent on the purchase of either the insurance coverages or the debt cancellation agreement described below. It will not be provided unless you sign and agree to pay the extra cost. The credit approval process will not be affected by whether or not you buy these insurance coverages or the debt cancellation agreement.

| Coverage | Term in Months | Premium or Fee |
|---|---|---|
| GAP* | N/A | ☐ $ N/A |
| N/A | N/A | ☐ $ N/A |
| N/A | N/A | ☐ $ N/A |
| Debt Cancellation Agreement** | 60 | $ 995.00 |

**MOPAR GAP**
(Insurance Company)

**1345 ENCLAVE PKWY, HOUSTON, TX 77077**
(Home Office Address)

*If the vehicle is determined to be a total loss, GAP insurance will pay us the difference between the proceeds of your basic collision policy and the amount you owe on the vehicle, minus your deductible. You can cancel that insurance without charge for 10 days from the date of this contract.
**WE WILL CANCEL CERTAIN AMOUNTS YOU OWE UNDER THIS CONTRACT IN THE CASE OF A TOTAL LOSS OR THEFT OF THE VEHICLE AS STATED IN THE DEBT CANCELLATION AGREEMENT. You can cancel the debt cancellation agreement without charge for a period of 30 days from the date of this contract, or for the period stated in the debt cancellation agreement, whichever period ends later. If the box next to a premium for an insurance coverage included above is marked, that premium is not fixed or approved by the Texas Insurance Commissioner. A debt cancellation agreement is not insurance and is regulated by the Office of the Consumer Credit Commissioner.

For the premiums or fees included above, you want the related optional coverages and debt cancellation agreement.

X *(signature)* 07/29/2022
Buyer's signature    Date

X *(signature)* 07/29/2022
Co-Buyer's signature    Date

**LIABILITY INSURANCE: THIS CONTRACT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

---

Buyer Initials X *(initials)* Co-Buyer Initials X *(initials)*        Page 2 of 5

## OTHER TERMS AND CONDITIONS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **HOW WE FIGURE THE FINANCE CHARGE.** We figure the Finance Charge using the true daily earnings method as defined by the Texas Finance Code. Under the true daily earnings method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the Annual Percentage Rate. The unpaid portion of the Amount Financed does not include late charges or return check charges.
   b. **HOW WE WILL APPLY YOUR PAYMENTS.** We will apply your payments in the following order:
      1. earned but unpaid finance charge; and
      2. to anything else you owe under this agreement.
   c. **HOW LATE OR EARLY PAYMENTS CHANGE WHAT YOU MUST PAY.** We based the Finance Charge, Total of Payments, and Total Sale Price as if all payments were made as scheduled. If you do not timely make all your payments in at least the correct amount, you will have to pay more Finance Charge. If that happens, your last payment will be more than your final scheduled payment, or at our option, you will have to pay more payments of the same amount as your scheduled payment with a smaller last payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **TRANSFER OF RIGHTS.** We may transfer this contract to another person. That person will then have all our rights, privileges, and remedies.
   e. **SPECIAL PROVISIONS FOR BALLOON PAYMENT CONTRACTS.** A balloon payment is a scheduled payment more than twice the amount of the average of your scheduled payments, other than the downpayment, that are due before the balloon payment. You can pay all you owe when the balloon payment is due and keep your vehicle. If you buy the vehicle primarily for personal, family, or household use, you can enter into a new written agreement to refinance the balloon payment when due without a refinancing fee. If you refinance the balloon payment, your periodic payments will not be larger or more often than the payments in this contract. The annual percentage rate in the new agreement will not be more than the Annual Percentage Rate in this contract. This provision does not apply if your Payment Schedule has been adjusted to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**
   a. **USE AND TRANSFER OF THE VEHICLE.** You will not sell or transfer the vehicle without our written permission. If you do sell or transfer the vehicle, this will not release you from your obligations under this contract, and we may charge you a transfer of equity fee of $25.00 ($50 for a heavy commercial vehicle). You will promptly tell us in writing if you change your address or the address where you keep the vehicle. We agree you may remove the vehicle from the U.S. for 72 hours or less, if the vehicle will continue to be covered by the insurance this contract requires. Otherwise, you agree not to remove the vehicle from the U.S. without our written permission.
   b. **CARE OF THE VEHICLE.** You agree to keep the vehicle free from all liens, and claims except those that secure this contract. You will timely pay all taxes, fines, or charges pertaining to the vehicle. You will keep the vehicle in good repair. You will not allow the vehicle to be seized or placed in jeopardy or use it illegally. You must pay all you owe even if the vehicle is lost, damaged or destroyed. If a third party takes a lien or claim against or possession of the vehicle, we may pay the third party any cost required to free the vehicle from all liens or claims. We may immediately demand that you pay us the amount paid to the third party for the vehicle. If you do not pay this amount, we may repossess the vehicle and add that amount to the amount you owe. If we do not repossess the vehicle, we may still demand that you pay us, but we cannot compute a finance charge on this amount.
   c. **SECURITY INTEREST.** To secure all that you owe on this contract and all your promises in it, you give us a security interest in:
      1. The vehicle including all accessories and parts now or later attached and any other goods financed in this contract;
      2. All insurance proceeds and other proceeds received for the vehicle;
      3. Any insurance policy, service contract or other contract financed by us and any proceeds of those contracts; and
      4. Any refunds of charges included in this contract for insurance, or service contracts.
   
   This security interest also secures any extension or modification of this contract. The certificate of title must show our security interest in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

   d. **AGREEMENT TO KEEP VEHICLE INSURED.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. The insurer must be authorized to do business in Texas.
   e. **OUR RIGHT TO PURCHASE REQUIRED INSURANCE IF YOU FAIL TO KEEP THE VEHICLE INSURED.** If you fail to give us proof that you have insurance, we may buy physical damage insurance. We may buy insurance that covers your interest and our interest in the vehicle, or we may buy insurance that covers our interest only. You will pay the premium for the insurance and a finance charge at the contract rate. If we obtain collateral protection insurance, we will mail notice to your last known address shown in our file.
   f. **PHYSICAL DAMAGE INSURANCE PROCEEDS.** You must use physical damage insurance proceeds to repair the vehicle, unless we agree otherwise in writing. However, if the vehicle is a total loss, you must use the insurance proceeds to pay what you owe us. You agree that we can use any proceeds from insurance to repair the vehicle, or we may reduce what you owe under this contract. If we apply insurance proceeds to the amount you owe, they will be applied to your payments in the reverse order of when they are due. If your insurance on the vehicle or credit insurance doesn't pay all you owe, you must pay what is still owed. Once all amounts owed under this contract are paid, any remaining proceeds will be paid to you.
   g. **RETURNED INSURANCE PREMIUMS AND SERVICE CONTRACT CHARGES.** If we get a refund on insurance or service contracts, or other contracts included in the cash price, we will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.
   h. **APPLICATION OF CREDITS.** Any credit that reduces your debt will apply to your payments in the reverse order of when they are due, unless we decide to apply it to another part of your debt. The amount of the credit and all finance charge or interest on the credit will be applied to your payments in the reverse order of your payments.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **LATE CHARGE.** You will pay us a late charge as agreed to in this contract when it accrues.
   b. **DEFAULT.** You will be in default if:
      1. You do not pay any amount when it is due;
      2. You give false, incomplete, or misleading information during credit application;
      3. You file bankruptcy, bankruptcy is filed against you, or the vehicle becomes involved in a bankruptcy.
      4. You allow a judgment to be entered against you or the collateral; or
      5. You break any of your promises in this agreement.
      
      If you default, we can exercise our rights under this contract and our other rights under the law.
   c. **OUR RIGHT TO DEMAND PAYMENT IN FULL.** If you default, or we believe in good faith that you are not going to keep any of your promises, we can demand that you immediately pay all that you owe. We don't have to give you notice that we are demanding or intend to demand immediate payment of all that you owe.
   d. **REPOSSESSION.** If you default, we may repossess the vehicle from you if we do so peacefully. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If any personal items are in the vehicle, we can store them for you and give you written notice at your last known address shown on our records within 15 days of discovering that we have your personal items. If you do not ask for these items back within 31 days from the day we mail or deliver the notice to you, we may dispose of them as applicable law allows. Any accessory, equipment, or replacement part stays with the vehicle.
   e. **YOUR RIGHT TO REDEEM.** If we take your vehicle, we will tell you how much you have to pay to get it back. If you do not pay us to get the vehicle back, we can sell it or take other action allowed by law. Your right to redeem ends when the vehicle is sold or we have entered into a contract for sale or accepted the collateral as full or partial satisfaction of a contract.
   f. **DISPOSITION OF THE VEHICLE.** If you don't pay us to get the vehicle back, we can sell it or take other action allowed by law. If we sell the motor vehicle in a public or private sale, we will send you notice at least 10 days before we sell it. We can use the money we get from selling it to pay allowed expenses and to reduce the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left, we will pay it to you unless we must pay it to someone else. If the money from the sale is not enough to pay all you owe, you must pay the rest of what you owe us plus interest. If we take or sell the vehicle, you will give us the certificate of title and any other document required by state law to record transfer of title.

Buyer Initials X _VS_  Co-Buyer Initials X _MS_

g. **COLLECTION COSTS.** If we hire an attorney who is not our employee to enforce this contract, you will pay reasonable attorney's fees and court costs as the applicable law allows. You will also pay our reasonable out-of-pocket expenses incurred in connection with retaking, holding, and selling the vehicle as the applicable law allows.
h. **CANCELLATION OF OPTIONAL INSURANCE AND SERVICE CONTRACTS.** This contract may contain charges for insurance or service contracts or for services included in the cash price. If you default, you agree that we can claim benefits under these contracts to the extent allowable, and terminate them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is damaged or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **INTEGRATION AND SEVERABILITY CLAUSE**
This contract contains the entire agreement between you and us relating to the sale and financing of the vehicle. If any part of this contract is not valid, all other parts stay valid.

5. **LEGAL LIMITATIONS ON OUR RIGHTS**
If we don't enforce our rights every time, we can still enforce them later. We will exercise all of our rights in a lawful way. You don't have to pay finance charge or other amounts that are more than the law allows. This provision prevails over all other parts of this contract and over all our other acts.

6. **SELLER'S DISCLAIMER OF WARRANTIES**
Unless the seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

7. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradors de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

8. **APPLICABLE LAW**
Federal and Texas law apply to this contract.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association _____ or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Buyer Initials X _____ Co-Buyer Initials X _____

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

Buyer X _Vickie D. Shriver_    Co-Buyer X _[signature]_

See back for other important agreements.

**CONSUMER WARNING:** Notice to the buyer--Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to a copy of the contract you sign. Under the law, you have the right to pay off in advance all that you owe and under certain conditions may save a portion of the finance charge. You will keep this contract to protect your legal rights.

**BUYER'S ACKNOWLEDGEMENT OF CONTRACT RECEIPT:** YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ EACH PAGE OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON PAGE 4, BEFORE SIGNING BELOW.

Buyer Signs X _[signature]_ Date _07/29/2022_  Co-Buyer Signs X _[signature]_ Date _07/29/2022_
Buyer Printed Name _VICKIE DARLENE SHRIVER_  Co-Buyer Printed Name _MICHEAL SHANE SHRIVER_
If the "business or commercial" use box is checked in "Use for Which Purchased": Print Name _N/A_  Title _N/A_

**Co-Buyers and Other Owners** — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _N/A_  Date _N/A_  Address _N/A_
Seller signs _____  Date _07/29/2022_  By X _[signature]_  Title _F&I MANAGER_
THIS CONTRACT IS NOT VALID UNTIL YOU AND WE SIGN IT.

Seller assigns its interest in this contract to **CHRYSLER CAPITAL**    (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse   ☒ Assigned without recourse   ☐ Assigned with limited recourse
Seller **LITHIA CHRYSLER JEEP DODGE OF BRYAN**
By X _[signature]_   Title _F&I MANAGER_

# EXHIBIT B


Collateral Management Services  
9750 Goethe Road | Sacramento, CA 95827

# Chrysler Capital

## Lien and Title Information

### Lienholder

**ELT Lien ID**  
**Lienholder**    CHRYSLER CAPITAL  
**Lienholder Address**    PO BOX 961272  
FT WORTH, TX 76161  
**Lien Release Date**

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 1FTEW1CP8GKF65338 | **Issuance Date** | 10/1/2022 |
| **Title Number** | 02131744825250018 | **Received Date** | 10/2/2022 |
| **Title State** | TX | **ELT/Paper** | ELECTRONIC |
| **Year** | 2016 | **Odometer Reading** | 34911 |
| **Make** | FORD | **Branding** | |
| **Model** | | | |

**Owner 1**    VICKIE DARLENE SHRIVER  
**Owner 2**    MICHEAL SHANE SHRIVER  
**Owner Address**    5201 LAKE CHARLES DR  
WACO, TX 76710

**Printed:** Thursday, September 5, 2024 3:08:37 PM PST